UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EARL L. WILSON, | ) |
|     Plaintiff, | ) No. CV-11-051-CI |
| v. | ) ORDER GRANTING DEFENDANT'S |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) MOTION FOR SUMMARY JUDGMENT |
|     Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (ECF No. 12, 15.) Attorney Jeffrey Schwab represents Earl L. Wilson (Plaintiff); Special Assistant United States Attorney David I. Blower represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (ECF No. 5.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary judgment.

**JURISDICTION**

On January 26, 2007, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning May 28, 2006. (Tr. 19; 111.) He alleged disability due vision problems caused by blindness in one eye. (Tr. 115.) Plaintiff's claim was denied initially and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

on reconsideration, and he requested a hearing before an administrative law judge (ALJ). (Tr. 69-102.) A hearing was held on May 15, 2009, at which Medical Expert Philip Gelber, M.D., and Plaintiff, who was represented by counsel, testified. (Tr. 30-66.) ALJ R.J. Payne presided. (Tr. 30.) The ALJ denied benefits on July 10, 2009. (Tr. 19-25.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 63 years old and was married. (Tr. 45-46.) He earned a B.A. from Central Washington University. (Tr. 45.) For 28 years Plaintiff taught elementary and middle school for the Wenatchee school district until he retired in 2001. (Tr. 45-46.) Plaintiff testified that after teaching, he was ready to try something new, and he and his wife began to manage and run their orchard. (Tr. 46.) Sometime in 2006, while Plaintiff was mowing in the orchard, he was hit in the eye by a tree branch. (Tr. 47.) Plaintiff had suffered a tear that eventually caused his entire retina to detach, and he had several surgeries to correct the resulting problems with his left eye. (Tr. 47; 169-74; 189.)

Plaintiff testified that as a result of his left eye impairment, he can no longer read or look at a computer screen for more than few minutes, he cannot fly a plane, and he cannot repair his orchard machinery. (Tr. 49; 53; 56; 60.) He also said he suffers from excessive tearing, blurriness, sensitivity to light, and he has problems focusing. (Tr. 49-50; 54.) Plaintiff testified that his peripheral vision has been severely compromised, he walks

into things on his left side, and he has no depth perception. (Tr. 53; 59.) Plaintiff has also had two surgeries on his right knee and two surgeries on his back. (Tr. 60.) In his application for benefits, Plaintiff indicated that he was not able to work because he "cannot see well. I am blind in my left eye." (Tr. 115.)

## ADMINISTRATIVE DECISION

ALJ R. J. Payne found Plaintiff's date of last insured for DIB purposes was December 31, 2006. (Tr. 19.) At step one, he found Plaintiff had not engaged in substantial gainful activity since May 28, 2006. (Tr. 21.) At step two, he found Plaintiff had severe impairments of "status-post left eye surgeries (trans-pars-plana vitrectomies and decreased depth perception)." (Tr. 21.) At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). (Tr. 22.) In his step four findings, the ALJ found Plaintiff's statements regarding pain and limitations were not credible to the extent they were inconsistent with the RFC findings. (Tr. 23.) He found that Plaintiff retained the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations, "he should avoid all exposure to heights, heavy machinery, and hazardous materials or chemicals; he may occasionally climb ramps or stairs but should never climb ladders, ropes, or scaffolds; and he cannot work in occupations requiring acute, binocular vision or bilateral peripheral vision (i.e. jobs requiring depth perception)." (Tr. 22.) ALJ Payne found that Plaintiff was capable of performing past relevant work as a teacher. (Tr. 24.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's

determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ISSUES

Plaintiff contends that the ALJ erred by discounting Plaintiff's subjective complaints and in weighing of the medical opinions. (ECF No. 13 at 3-4.) Defendant contends the ALJ's decision is supported by substantial evidence and free of legal error. (ECF No. 16.)

**DISCUSSION**

**A.  Credibility.**

Plaintiff contends that the ALJ erred by discounting his subjective complaints. Specifically, Plaintiff argues that the ALJ and medical expert reasoned because photophobia cannot be measured or established with objective testing, Plaintiff's complaints deserved no credibility. (ECF No. 13 at 4.)

ALJ Payne found that Plaintiff's complaints about the intensity, persistence and limiting effects of his symptoms were not credible. (Tr. 23-24.) Specifically, the ALJ found that Plaintiff's complaints were inconsistent with the evidence in the medical records. (Tr. 24.) This is a proper consideration in determining credibility. See 20 C.F.R. § 416.929 (inconsistencies in medical evidence will support a rejection of credibility); SSR 96-7p (objective medical evidence is a useful indicator to assist in making a reasonable conclusion about credibility and the ability to function).

As the ALJ found, the medical records in this case reveal little or no evidence related to Plaintiff's photophobia, excessively blurry vision, double vision, or inability to use his right eye to read for more than a very short period of time. In November of 2006, 2007 and 2008, Plaintiff underwent a physical examination with his physician, Brent A. Barber, M.D. (Tr. 304; 309; 318.) In 2006, with regard to Plaintiff's vision, the physician's notes merely reflect the fact of Plaintiff's retinal tear. (Tr. 304.) In 2007, the notes indicate Plaintiff "has been free of acutely diminished hearing or vision." (Tr. 309.) In 2008, the notes do not address Plaintiff's eyes or vision, or include any

1 complaints from Plaintiff about impaired vision.  (Tr. 318.)

2     Plaintiff's eye surgeon was Larry L. Mislow, M.D.  (Tr. 189.)
3 Dr. Mislow's chart notes do not contain evidence that support
4 Plaintiff's specific complaints about his eye impairments.  For
5 example, a note from December 4, 2006, indicates that Plaintiff
6 merely complained of "floaters" that bothered him when reading.
7 (Tr. 193.)  Dr. Mislow opined that as of January 26, 2007,
8 Plaintiff's eyesight in his left eye was not likely to get better
9 than 20/200. (Tr. 189.)  Dr. Mislow did not address impairments to
10 Plaintiff's overall vision.  Chart notes from April 25, 2007,
11 reflect that Plaintiff reported his left eye waters and he keeps it
12 closed most of the time.  (Tr. 192.)  A May 7, 2008, chart note
13 reflects Plaintiff reported he is sensitive to light.  (Tr. 230.)
14 In November, 2008, shortly after Plaintiff's October 2008 eye
15 operation, he indicated to William E. Wicheta, M.D., that reading
16 was a "chore." (Tr. 177.)  These minimal notations do not support
17 Plaintiff's allegations of the severity of his condition.  On this
18 record, the ALJ properly discounted Plaintiff's credibility related
19 to the severity of his vision impairment, due to the lack of support
20 in the record.

21     Additionally, the ALJ noted Plaintiff's activities included a
22 trip to Alaska in 2008, along with a two-hour train ride during that
23 visit.  (Tr. 24.)  The ALJ also noted that Plaintiff drives a car
24 regularly. (Tr. 24.)  In weighing a claimant's credibility, an ALJ
25 may consider the claimant's daily activities. *Tommasetti v. Astrue,*
26 533 F.3d 1035, 1039 (9th Cir. 2008).  These activities undercut
27 Plaintiff's complaints about the severity of his vision impairment.

28     Finally, it is not this court's role to redetermine Plaintiff's

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

credibility *de novo*. Although evidence supporting an ALJ's conclusions might also permit an interpretation more favorable to the claimant, if the ALJ's interpretation of evidence was rational, as it was here, the court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

**B.   Medical Opinions.**

Plaintiff contends that the ALJ erred in crafting his Residual Functional Capacity ("RFC") by affording more weight to the opinion of Philip Gelber, M.D., the testifying medical expert, than to his treating physician, Larry Mislow, M.D. (ECF No. 13 at 5.) In concluding the testifying expert's opinion was entitled to more weight, the ALJ noted that Plaintiff's treating ophthalmologist Larry Milsow, M.D., declared Plaintiff's left eye condition caused photophobia and continuous double vision, but the ALJ concluded that the statement was not substantiated by Dr. Milsow's or any other physician's findings. (Tr. 23.) The ALJ also noted that the medical record is devoid of any complaints to this effect from Plaintiff. (Tr. 23.) The ALJ noted that Dr. Gelber opined that double vision was inconsistent with Plaintiff's condition. (Tr. 23-24.)

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, more weight is given to the opinion of a treating

physician than to the opinions of non-treating physicians. *Id*. Where a treating physician's opinion is uncontradicted, it may be rejected only for "clear and convincing" reasons, and where it is contradicted, it may be rejected only for "specific and legitimate reasons" supported by substantial evidence in the record. *Lester*, 81 F.3d at 830.

The opinion of a non-examining physician is not itself substantial evidence that justifies the rejection of the opinion of either a treating physician or an examining physician. *Id*. at 831. "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). Factors that an ALJ may consider when evaluating any medical opinion include "the amount of relevant evidence that supports the opinion and the quality of the explanation provided; the consistency of the medical opinion with the record as a whole; [and] the specialty of the physician providing the opinion." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Where conflict exists between the opinion of a treating physician and an examining physician, the ALJ may not reject the opinion of the treating physician without setting forth specific, legitimate reasons supported by substantial evidence in the record. *Id*. at 632.

In this case, the ALJ assigned great weight to the opinions of Drs. Barber, Mislow and Gelber. (Tr. 23.) However, the ALJ qualified this by noting that some of Dr. Mislow's opinions concerning Plaintiff's limitations were given less weight because they lacked support. (Tr. 24.) As the ALJ pointed out, no

objective medical findings supported Dr. Mislow's May 2009, opinion that declared Plaintiff's left eye condition caused photophobia and continuous double vision. (Tr. 23; 340-41.) A single reference in the record exists of Plaintiff's complaint of photophobia, and nowhere in the record, save the hearing, does Plaintiff complain of double vision. (Tr. 230.) None of Plaintiff's other physicians address or note these impairments. Dr. Gelber opined that double vision was inconsistent with Plaintiff's condition, because that condition requires Plaintiff to have somewhat acute vision in both eyes. (Tr. 24; 39.) In sum, the ALJ set forth specific, legitimate reasons supported by substantial evidence in the record for giving little weight to the opinions stated in the May 14, 2009, evaluation from Dr. Mislow. Plaintiff's RFC is consistent with the medical evidence on the whole.

**C. Medical-Vocational Guidelines.**

At the close of his brief, Plaintiff asserts, "[m]ore probably than not, this Plaintiff grids out under § 201.06 given his age, education, and work experience combined with his functional limitations." (ECF No. 13 at 7-8.) To assist in the step-five determination, the Social Security Administration established the Medical-Vocational Guidelines ("the grids"), which "consist of a matrix of [the four factors] and set forth rules that identify whether jobs requiring a specific combination of these factors exist in significant numbers in the national economy." *Heckler v. Campbell*, 461 US. 458, 461-62, 103 S. Ct. 1952, 76 L. Ed. 2d 66 (1983). When the grids match the claimant's qualifications, "the guidelines direct a conclusion as to whether work exists that the claimant could perform." *Id.* at 462. When the grids do not match

the claimant's qualifications, the ALJ can either (1) use the grids as a framework and make a determination of what work exists that the claimant can perform,[1] or (2) rely on a vocational expert when the claimant has significant non-exertional limitations. *Desrosiers v. Secretary of Health & Human Services*, 846 F.2d 573, 577 (9th Cir. 1988).

In this case, Plaintiff fails to provide briefing, citation to the record, or legal analysis to support the statement that Plaintiff likely "grids out." (ECF No. 13 at 7-8.) The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). In this case, the Plaintiff failed to cite to evidence or legal authority, or to explain of how the ALJ erred by failing to apply the grids to this case. As such, this argument may not be considered.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 15)** is

---

[1] See SSR 83-14.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

Case 2:11-cv-00051-CI Document 17 Filed 10/18/12

**GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 12)** is **DENIED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **DEFENDANT** and the file shall be **CLOSED.**

DATED October 18, 2012.

                <u>S/ CYNTHIA IMBROGNO</u>
                UNITED STATES MAGISTRATE JUDGE